IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| PALOMAR SPECIALTY INSURANCE COMPANY, as Subrogee of Laura and Adrian Munoz,<br><br>Plaintiff,<br><br>v.<br><br>WALTER RAY PARKER, JR., Individually, and d/b/a B.P. PLUMBING CO., and B.P. PLUMBING, INC.,<br><br>Defendants. | **COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW Plaintiff, Palomar Specialty Insurance Company, as Subrogee of Laura and Adrian Munoz, by and through its undersigned counsel, and for its Complaint against Defendants Walter Ray Parker, Jr., Individually, and d/b/a B.P. Plumbing Co., and B.P. Plumbing, Inc., respectfully states to the Court and alleges the following:

## THE PARTIES

1. At all times relevant to the allegations contained herein, Palomar Specialty Insurance Company ("Palomar") was an insurance company licensed to do business in the State of North Carolina. Palomar provided insurance coverage to Laura and Adrian Munoz against losses arising from certain hazards to their real property and improvements and personal property located at 514 Carriage Lane in Jacksonville, North Carolina (the "Munoz House").

2. Mr. Adrian Munoz and Mrs. Laura Munoz (collectively "Mr. and Mrs. Munoz") are citizens and residents of the State of North Carolina, who at all times relevant to the allegations contained herein, owned the real property and improvements and personal property located at 514 Carriage Lane in Jacksonville, Onslow County, North Carolina.

3. At all times relevant to the allegations contained herein, Mr. and Mrs. Munoz's property insurance policy with Palomar was in full force and effect and provided coverage for damages to the Munoz House and Mr. and Mrs. Munoz's personal property.

4. Defendant Walter Ray Parker, Jr. ("Mr. Parker") is an adult citizen and resident of the State of North Carolina. At all times relevant to the allegations contained herein, Mr. Parker provided residential plumbing services in Jacksonville, North Carolina, including but not limited to, the Munoz House. At all times relevant, Mr. Parker individually performed residential plumbing services under the names B.P. Plumbing Co. and/or B.P. Plumbing, Inc. even though these entities were not registered with the North Carolina Secretary of State and did not exist as separate entities when Mr. Parker performed his work at the Munoz House.

5. Upon information and belief, Defendant B.P. Plumbing, Inc. was formerly a corporation organized and existing under the laws of the State of North Carolina which was dissolved by the North Carolina Secretary of State on May 9, 2013. At all times relevant to the allegations contained herein, B.P. Plumbing, Inc. did not exist as a separate entity and Mr. Parker individually operated under the names B.P. Plumbing Co. and/or B.P. Plumbing, Inc. such that they were all one in the same. Mr. Walter R. Parker, Jr. was formerly registered as the Vice President and Treasurer for Defendant B.P. Plumbing, Inc.

6. Defendants Walter Ray Parker, Jr., Individually, and d/b/a B.P. Plumbing Co., and B.P. Plumbing, Inc. shall be individually and collectively referred to herein as "Mr. Parker."

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between

citizens of different states in that the citizenship of the Plaintiff is completely diverse from the citizenship of the Defendant(s).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that the Defendant(s) perform business in this district, and a substantial part of the events and acts and omissions causing the loss that is the subject of this action occurred in Jacksonville, Onslow County, North Carolina.

**FACTS**

9. Prior to December 11, 2021, Mr. Parker performed plumbing work at the Munoz House, including but not limited to, installing a water shutoff valve assembly crimp ring ("shutoff valve") to the second-floor hallway bathroom sink.

10. At all times relevant to the allegations contained herein, Mr. Parker held himself out to the general public as a licensed plumber and/or otherwise qualified to perform residential plumbing work.

11. On December 11, 2021 a water loss occurred at the Munoz House which resulted in substantial damage to Mr. and Mrs. Munoz's property (the "water loss").

12. The water loss at the Munoz House was directly and proximately caused by an improper alignment of the shutoff valve over the barb to the second-floor hallway bathroom sink due to Mr. Parker's careless, improper and negligent work.

13. As a direct and proximate result of the damage caused by the water loss, Mr. and Mrs. Munoz filed a property insurance claim with Palomar. Palomar, in response to this property insurance claim and in accordance with its obligations under the policy, paid a total of Seventy-Eight Thousand Three Hundred Nine and 84/100 Dollars ($78,309.84) for damage caused by the water loss.

14. To the extent of its payment for damage to covered property under the applicable property insurance policy, Palomar is subrogated to all rights and claims Mr. and Mrs. Munoz have against Defendant(s).

15. All conditions precedent to bringing the causes of action contained herein have been met and this Complaint has been filed prior to any and all applicable claims limitations periods, including the applicable statute of limitations.

## **COUNT I – NEGLIGENCE**

16. Plaintiff reasserts the allegations contained in Paragraphs 1 – 15 of this Complaint as if stated in full herein.

17. Mr. Parker had a duty to exercise reasonable care in performing plumbing work at the Munoz House, including but not limited to, properly installing the shutoff valve to the second-floor hallway bathroom sink so as to not to injure and/or damage Mr. and Mrs. Munoz or their property.

18. Mr. Parker breached his applicable duty of care by the following negligent acts and omissions, which include, but are not limited to:

　　(a)　Failing to properly install, service and/or repair the shutoff valve;

　　(b)　Failing to hire and/or employ competent agents, servants, employees, vendors, contractors or subcontractors to perform the work necessary to install, service and/or repair the shutoff valve;

　　(c)　Failing to properly, adequately and safely supervise and instruct the activities of his agents, servants, employees, vendors, contractors or subcontractors during the work necessary to install, service and/or repair the shutoff valve;

　　(d)　Failing to properly inspect all work in order to insure the shutoff valve installed, serviced and/or repaired at the Munoz House was performed properly;

(e) Failing to properly, adequately and safely inspect and supervise the installation, service and/or repair work being done by his agents, servants, employees, vendors, contractors, subcontractors and to make the necessary corrections and adjustments to such work, which inspections and tests would have revealed the existence of dangerous and/or defective conditions and which corrections and adjustments would have remedied same;

(f) Permitting dangerous and/or defective conditions to exist at the Munoz House when Mr. Parker knew or should have known that such conditions would create an unreasonable risk of damage and destruction to the Munoz House;

(g) Failing to warn Mr. and Mrs. Munoz of the dangerous and defective conditions which Mr. Parker knew or should have known existed which created an unreasonable risk of damage and destruction to the Munoz House;

(h) Failing to perform his activities in a workmanlike manner and in accordance with industry standards, customs and usages;

(i) Failing to act as a reasonable and prudent person under the circumstances; and

(j) Otherwise failing to use due care in ways that may be disclosed or determined during discovery.

19. At all times relevant, it was foreseeable to Mr. Parker that improperly performing his plumbing work at the Munoz House, including but not limited to negligently installing the shutoff value to the second-floor hallway bathroom sink, would cause damage to the Munoz House and Mr. and Mrs. Munoz's property.

20. As a direct and proximate result of the negligent and careless acts and omissions of Mr. Parker, Plaintiff has suffered damages in the amount of Seventy-Eight Thousand Three Hundred Nine and 84/100 Dollars ($78,309.84).

WHEREFORE, Plaintiff respectfully prays that it be granted judgment against Defendants Walter Ray Parker, Jr., Individually, and d/b/a B.P. Plumbing Co., and B.P. Plumbing, Inc., jointly and severally; that it recover reasonable and just compensatory damages

5

as to each element of damage to which it is entitled, which includes an amount of Seventy-Eight Thousand Three Hundred Nine and 84/100 Dollars ($78,309.84); that it be awarded pre-judgment interest and costs; and that it recover such other and further relief as this Court may deem just and proper.

**COUNT II – BREACH OF IMPLIED WARRANTY OF WORKMANLIKE SERVICE**

21. Plaintiff reasserts the allegations contained in Paragraphs 1 – 20 of this Complaint as if stated in full herein.

22. One who holds himself out as qualified to perform work impliedly warrants that the services will be provided in a workmanlike manner.

23. Mr. Parker owed a duty to perform his job in a workmanlike manner at the Munoz House.

24. Mr. Parker breached this warranty when he failed to properly perform his work by improperly installing, servicing and/or repairing the shutoff valve; and by failing to advise anyone of the deficiencies and potential hazards associated with the shutoff valve.

25. As a direct and proximate result of the breach of the implied warranty of workmanlike service by Mr. Parker, Plaintiff has suffered the previously described damages.

WHEREFORE, Plaintiff respectfully prays that it be granted judgment against Defendants Walter Ray Parker, Jr., Individually, and d/b/a B.P. Plumbing Co., and B.P. Plumbing, Inc., jointly and severally; that it recover reasonable and just compensatory damages as to each element of damage to which it is entitled, which includes an amount of Seventy-Eight Thousand Three Hundred Nine and 84/100 Dollars ($78,309.84); that it be awarded pre-judgment interest and costs; and that it recover such other and further relief as this Court may deem just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY IN THIS ACTION.

This the 27th day of March, 2023.

Respectfully submitted,

FALLS LAW FIRM, PLLC

By: /s/ H. Lee Falls, III
H. Lee Falls, III, Esquire, NC Bar #36183
David C. Boggs, Esquire, NC Bar #8182
1712 Euclid Avenue
Charlotte, NC 28203
Telephone: 704-314-4845 (Lee Falls)
Telephone: 704-314-4847 (David Boggs)
Facsimile: 704-519-2522
lfalls@fallslawfirm.com
dboggs@fallslawfirm.com

*COUNSEL FOR PLAINTIFF*